UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CARDRIENNE TURNER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 13-11183-JLT |
| | * | |
| NORTHEASTERN UNIVERSITY PUBLIC SAFETY POLICE, et al., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

November 7, 2013

TAURO, J.

For the reasons stated below, the Court (1) grants the plaintiff's motion to proceed *in forma pauperis*; and (2) directs the plaintiff to file an amended complaint.

**Background**

Cardrienne Turner, a former employee of Northeastern University ("NU"), brings this *pro se* action against Northeastern University Public Safety Police and thirty-six current or former officers or employees NU.  Turner claims that the defendants discriminated against her on the basis of race, gender, and disability and retaliated against her for complaining of the same.  The single-spaced typed "Petition for Judicial Review" ("complaint") is thirty pages long.  The plaintiff states that she is bringing this action under 42 U.S.C. § 1983 (" § 1983") and she claims that the defendants violated the First, Firth, and Fourteenth amendments to the United States Constitution.  Turner also seeks leave to proceed *in forma pauperis*.

Although summonses have not issued pending resolution of the filing fee and review of the complaint pursuant to 28 U.S.C. § 1915(e)(2), on September 30, 2013, thirty-four of the defendants moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).  Turner seeks additional time to complete service and expedition of the Court's review of the complaint.

## Discussion

**I.    Motion for Leave to Proceed *In Forma Pauperis***

Upon review of the plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that she is without income or assets to pay the filing fee.  Accordingly, the Court GRANTS the motion.

**II.    Screening of the Complaint**

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee, summons do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

    **A.    Section 1983**

Here, the plaintiff has failed to state a claim for relief under § 1983 for a violation of her rights under the United States Constitution because the defendants are not state actors.[1]  "A section 1983 violation occurs when an official acting *under color of state law* acts to deprive an individual of a federally protected right."  *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (emphasis added); *see also* 42 U.S.C. § 1983.  Although § 1983 ordinarily does not create a right of action against private parties, private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state.  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937

---

[1] Claims for violations of federal rights by state actors must be brought under 42 U.S.C. § 1983.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("[A] litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but [rather] must utilize 42 U.S.C. § 1983.").  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

(1982). Here, Turner has not alleged any facts from which the Court may reasonably infer that the defendants were acting under color of state law. It appears that all of the defendants are private parties.

B.   **Title VII and the ADA**

Turner attached to her complaint a February 8, 2013 letter from the United States Equal Employment Opportunity Commission indicating that it had investigated Turner's charges that NU had discriminated against her on the basis of race and disability. The inclusion of this letter, together with the facts alleged in the complaint, suggests that Turner may also be attempting to bring a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), which prohibits, *inter alia*, discrimination on the basis of race and gender and retaliation for complaining of discrimination prohibited under the statute. She may also be attempting to bring a claim under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*, prohibits disability discrimination in employment. However, these statutes does not provide for liability against individuals who are not themselves employers. *See Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011) (ADA); *Fantini v. Salem State College*, 557 F.3d 22, 30 (1st Cir. 2009) (Title VII). Claims under these statutes must be brought against the employer that allegedly violated the statute rather than individual employees. Here, Turner has not brought this action against NU, her former employer. The named defendants are the individuals allegedly responsible for the adverse employment actions against her. If Turner wishes to pursue a claim under Title VII or Title I of the ADA, she must file an amended complaint in which her former employer is the defendant.[2]

---

[2]Turner may file claims against individuals to the extent that she is able to state a claim against them under federal law. The Court may also entertain state law claims against individuals to the extent that such claims fall within the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).

### C. Claims that Plaintiff Was Forced to Represent Herself

Plaintiff asserts throughout the complaint that various defendants wronged her by requiring her to represent herself and not providing her counsel.  However, the plaintiff does not identify nor can the Court discern a cause of action in such allegations.  Absent an employment or a collective bargaining agreement requiring an employer or its attorney to provide an employee with counsel, an employer is not required to provide an employee with an attorney.

### D. Filing of an Amended Complaint

The Court will give the plaintiff an opportunity to cure the above-discussed deficiencies by filing an amended complaint.  However, whatever the plaintiff's cause(s) of action, the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)") if it is to state a claim upon which relief may be granted.  Under this rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Id. (quoting *Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements."  *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).  Significantly, the plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A court is not "bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In keeping with Rule 8(a), Turner must focus on making clear *factual* allegations about the events in question.  The original complaint is replete with conclusory allegations of wrongdoing; however, bald assertions of discrimination, retaliation, or other wrongdoing without clear factual

allegations to support such conclusions do not pass Rule 8(a) muster.  Further, Turner must keep in mind Rule 8(a)'s requirement that the complaint contain a "short and plain statement" of the claim.  The purpose of the complaint is not to set forth every factual detail related to the alleged misconduct.  It is to give the defendants *notice* of the causes of action being asserted against them and the alleged misconduct giving rise to those claims.  Moreover, it is inappropriate to include legal argument in a complaint.

## Conclusion

Accordingly:

1. The motion (#2) for leave to proceed *in forma pauperis* is GRANTED.

2. If the plaintiff would like to proceed with this action, she must, within forty-two (42) days of the date of this memorandum and order, file an amended complaint.  Failure to comply with this direction will result in dismissal of the action for failure to state a claim upon which relief may be granted.

3. The motion to dismiss (#6) is DENIED as the plaintiff could not have properly served the complaint prior to the issuance of summonses.

4. The motion for extension of time (#9) is DENIED WITHOUT PREJUDICE.  If and when summonses issue, the plaintiff shall have 120 days to complete service.


IT IS SO ORDERED.

 11/7/2013                                         /s/ Joseph L. Tauro                            
DATE                                               UNITED STATES DISTRICT JUDGE