UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARDRIENNE TURNER,<br><br>      Plaintiff,<br><br>      v.<br><br>NORTHEASTERN UNIVERSITY PUBLIC SAFETY POLICE, et al.,<br><br>      Defendants. | C.A. No. 13-11183-JLT |

MEMORANDUM AND ORDER

March 4, 2014

TAURO, J.

Before the Court is the plaintiff's amended complaint for review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court dismisses this action.

**Background and Discussion**

Cardrienne Turner, a former employee of Northeastern University ("NU"), filed a *pro se* complaint against Northeastern University Public Safety Police and thirty-six current or former officers or employees NU. Turner claimed that the defendants discriminated against her on the basis of race, gender, and disability and retaliated against her for complaining of the same. The plaintiff stated that she was bringing this action under 42 U.S.C. § 1983 ("§ 1983") and she claimed that the defendants violated the First, Fifth, and Fourteenth amendments to the United States Constitution. Turner also sought leave to proceed *in forma pauperis*.

In a memorandum and order dated November 7, 2013 (#11), the Court ordered the plaintiff to file an amended complaint. The Court held that Turner had failed to state claims under § 1983 for violations of her rights under the constitution because she had not alleged facts from which the Court could reasonably infer that the defendants had acted under the color of state law. The Court also held that the plaintiff had failed to state claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* ("ADA") because these statutes did not provide for liability against

individuals who are not themselves employers, and Turner had failed to name NU as a defendant. In light of the plaintiff's repeated allegations that various defendants had forced her to represent herself with the benefit of counsel, the Court also held that the plaintiff had failed to state a claim for relief in that regard because, absent an applicable provision in an employment or collective bargaining agreement, the defendants were not required to provide an attorney for the plaintiff.

In ordering the plaintiff to file an amended complaint, the Court explained that Rule 8(a) of the Federal Rules of Civil Procedure required a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), means that a plaintiff must allege specific *facts* and provide the defendants with adequate notice of the claims and the grounds upon which they rest.  The Court found that the complaint was replete with bald assertions of discrimination, retaliation or other wrongdoing.  The Court also reiterated the "short and plain" requirement of a pleading.

After receiving an extension of time to file an amended complaint, On January 27, 2014, Turner filed an amended complaint.[1]  However, the amended complaint is substantially similar to the original complaint (although Turner did add Northeastern University as a defendant) and fails to state a claim upon which relief may be granted.

The plaintiff either did not understand or chose to ignore the Court's earlier holdings. Turner still attempts to bring claims under Title VII against individuals who are not themselves employers.  Turner continues to allege that various individuals are liable because they forced her to represent herself without the benefit of an attorney, *see* Amend. Compl. ¶¶ 52b, 53c, 54c, 55a, 57a, 58a, 59c, 60a, 61a, 62a, 63b, 64b, 65b, 66a, 69a, 70a, 71a, 74a, 75a, 76a, 77a, 78a, 79b, 80a, 81a, 82a, 84a, 85a, 86a, 87a, 88a, 89a.  In addition to citing Title VII and M.G.L. ch. 151B in support of this claim, which are anti-discrimination laws, Turner invokes the First, Fifth, and Fourteenth amendments to the United States Constitution, 29 U.S.C. §§ 2001-2009, and M.G.L.

---

[1] The amended complaint makes references throughout to exhibits.  However, the plaintiff did not file these exhibits with the Court.  The absence of the exhibits does not make a difference to the Court's evaluation of the sufficiency of the amended complaint because, whatever the content of the exhibits, it is the plaintiff's responsibility to set forth her claim in the body of the pleading.

ch. 151F, § 1 (which Turner refers to as the "Healthy Workplace" statute).  None of the laws provide any basis for Turner's claims that the defendants had a duty to provide her an attorney.  The Court has already explained that the First, Fifth, and Fourteenth amendments, which prohibit certain government conduct, do not have any relevance to this action because all of the defendants are private actors.  The other laws cited by Turner are patently inapplicable to her allegations.  Sections 2001-2009 of 29 U.S.C. concern prohibitions against private employers to ask employees to submit to polygraph test, *see* 29 U.S.C. §§ 2001-2009, and M.G.L. ch. 151F concerns an employer's obligation to adopt and maintain a cafeteria plan, *see* M.G.L. ch. 151F §§ 1-3.

The only real issue for the Court to consider is whether the plaintiff has set forth prima facie claims for discrimination or retaliation under Title VII or M.G.L. ch. 151B.  Disregarding, the conclusory allegations of misconduct, which constitute a large portion of the amended complaint, the Court concludes that she has not.  "[O]nly a complaint that states a *plausible* claim for relief" states a claim upon which relief may be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (emphasis added).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief."  *Id.* (quoting Fed. R Civ. P. 8(a)(2) in second quotation).  The actual factual allegations set forth by the plaintiff permit an inference that she was subject to some sort of mistreatment, but the disorganization, lack of substance, and lack of clarity in the allegations do not permit a reasonable inference that a violation of M.G.L. ch. 151B or Title VII occurred.

## Conclusion

Accordingly, this action is DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

  3/4/2014                                                  /s/ Joseph L. Tauro                   
DATE                                                   UNITED STATES DISTRICT JUDGE